The motion for reconsideration of sentence is hereby denied.

599 A.2d 1318
STATE OF NEW JERSEY, PLAINTIFF, v.
ADELLA GARDNER, DEFENDANT.

Superior Court of New Jersey
Law Division (Criminal)
Hudson County

Decided September 30, 1991.

*Devarup Rastogi,* for plaintiff (*Paul M. DePascale,* Prosecutor of Hudson County, attorney).

*Adella Gardner,* defendant, *pro se.*

ARIEL A. RODRIGUEZ, J.S.C.

The issue presented in this post-judgment petition is whether *N.J.S.A.* 2C:46–3, which permits a court to revoke a fine in certain situations, is applicable to penalties imposed by *N.J.S.A.* 2C:35–15 (drug enforcement demand reduction); *N.J.S.A.* 2C:35–20 (forensic laboratory fee); or *N.J.S.A.* 2C:43–3.1 (Violent Crimes Compensation Board). There are no reported opinions on this issue. For the reasons that follow, this court holds that the cited provision which authorizes revocation of a fine, does not apply to mandatory penalties or fees.

Defendant pled guilty to possession of heroin with the intent to dispense while within 1,000 feet of school property contrary to *N.J.S.A.* 2C:35–7. Pursuant to a negotiated agreement the State waived the imposition of a minimum term and recommended that related charges be dismissed. Defendant was sentenced to a presumptive four-year prison term, the payment of a $100 fine, a $30 V.C.C.B. penalty, a $1,000 DEDR penalty, and a $50 forensic lab fee, and a 24–month suspension of driving privileges. Defendant has served over two years of the prison term and will be eligible for parole "in the near future." She now petitions the court for a revocation of the "$1,000 fine imposed" alleging that she is "virtually destitute and relies upon a monthly allowance of $40 derived from state pay."

The pertinent statutory provision provides that:

A defendant who has been sentenced to pay a fine may at any time petition the court which sentenced him for a revocation of the fine or of any unpaid portion thereof. If it appears to the satisfaction of the court that the circumstances which warranted the imposition of the fine have changed, or that it would otherwise be unjust to require payment, the court may revoke the fine or the unpaid portion thereof in whole or in part. [*N.J.S.A.* 2C:46–3]

■ With respect to the $100 fine imposed the court is satisfied that a revocation is warranted. Defendant has been incarcerated for a substantial period. According to her affidavit, "she has no promise of employment and has lost all of her possessions, *i.e.,* clothing, furniture, household appliances and automobile." She is divorced. Her 14–year–old son resides with his father. Upon release, defendant will not have any source of support or assistance unless she finds employment. She has a high school equivalency diploma and her prior employment history consists of working as a stockclerk for three years and babysitting for relatives. Under these circumstances, and in light of the court's ruling that the mandatory penalties cannot be revoked, it would be unjust to insist on payment of the $100 fine.

■ With respect to the other penalties imposed, the court concludes that it is without authority to revoke the same. This conclusion is based on an analysis of the language of the statute, as well as its objective. On its face *N.J.S.A.* 2C:46–3 does not authorize the court to revoke pecuniary penalties other than "fines." The monetary liability imposed by *N.J.S.A.* 2C:35–15 and 2C:43–3.1 is defined as a "penalty" while the one imposed by *N.J.S.A.* 2C:35–20 is defined as a "fee."

■ In addition to the language, the standard for granting relief under the statute compels the conclusion that only fines may be revoked. Whether a fine should be imposed, and if so, in what amount, lies within the discretion of the sentencing judge limited only by the statutory maxima set by *N.J.S.A.* 2C:43–3 and 2C:35–3 to –13. There are no mandatory fines set by the New Jersey Code of Criminal Justice except for shoplifting, *N.J.S.A.* 2C:20–11c. The criteria used to determine the appropriateness and amount of a fine are: defendant's ability to pay, whether defendant derived a pecuniary gain from the offense and/or whether a fine is specially adapted to deter the type of offense involved or to correct the offender. *N.J.S.A.* 2C:44–2. In contrast, the DEDR and VCCB penalties and the

forensic lab fee are mandated by statute. They are imposed, where applicable, regardless of defendant's ability to pay, amenability to correction, pecuniary gain or any other factors found in *N.J.S.A.* 2C:44–2a(1) and (2). The purpose of these penalties is to provide revenue for special funds which have been created by the Legislature for a stated purpose. *See N.J.S.A.* 2C:35–15c, 2C:43–3.1a(4), 2C:35–20e.

■ The criteria to be used in determining whether a fine should be revoked are: changed circumstances or hardship. The determination of these factors rest in the court's sound discretion. However, since the court cannot exercise its discretion in imposing a mandatory penalty initially, then it is clear that it has no discretion to revoke the same.[1] The only exception to this mandatory scheme is found in *N.J.S.A.* 2C:35–14 (the rehabilitation exception) which is not applicable to this case.

Accordingly, defendant's petition is denied, except that the $100 fine is hereby revoked.

---

[1]An interesting issue, not presented in this case, is whether the court can revoke that portion of a VCCB penalty which is in excess of the mandatory minimum. When determining the amount of a VCCB penalty greater than the minimum a court shall consider: the severity of the crime, defendant's criminal record, ability to pay and the economic impact on defendant's dependents. *N.J.S.A.* 2C:43–3.1a(1).